IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Hannah W.[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:22-cv-01629-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Hannah W. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits. Full consent to magistrate jurisdiction was entered on January 18, 2023 (Dkt. #6). For the reasons provided below, the Commissioner's decision is AFFRIMED.

**BACKGROUND**

Plaintiff is a 35-year-old woman who alleges she is unable to work due to the effects of back pain, walking problems, and extreme anxiety from past traumas. Tr. 304. In March 2018, Plaintiff protectively filed an application for Disability Insurance Benefits and Supplemental Security Income alleging disability beginning December 31, 2017. Tr. 253-60. The claim was initially denied on October 11, 2018, and upon reconsideration on May 1, 2019. Tr. 145-50. Plaintiff requested a hearing before an ALJ on June 19, 2019. Tr. 157-58. Plaintiff appeared by

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

phone and testified at a hearing held on August 24, 2021. Tr. 36-64. ALJ Steven A. De Monbreum found Plaintiff not disabled on September 29, 2021. Tr. 13-28. The Appeals Council denied review on August 25, 2022, making the ALJ's decision the final agency decision. Tr. 1-6. Plaintiff now requests that the United States District Court review ALJ De Monbreum's decision and alleges harmful legal error. Pl.'s Br. ECF # 16 at 1-20.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);

    416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

  a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

3 - Opinion and Order

which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since December 31, 2017, the alleged onset date. Tr. 16.

2. Plaintiff has the following severe impairments: spine disorders status post two (2) back surgeries; obesity; reconstructive surgery on a weight-bearing joint; anxiety; personality disorder; posttraumatic stress disorder (PTSD); depression; somatic symptom disorder; and history of substance addiction. *Id.*

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

4. Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, and crouch; and never crawl. The claimant should have no exposure to vibrations and hazards. The claimant is limited in concentration, persistence, and pace to simple routine job tasks consistent with a DOT GED reasoning level of 2 or less. She can occasionally interact with the public, coworkers, and supervisors. The claimant needs a static work environment with few changes in work routines and settings. Tr. 19.

5. The Plaintiff is unable to perform any past relevant work. Tr. 26.

6. Plaintiff has not been under a disability, as defined in the Social Security Act from December 31, 2017 through the date of this decision. Tr. 27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454

F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly considered the Consultative Examiner's medical opinion and
2. Whether the ALJ properly incorporated the limitations assessed by the State Agency psychological consultant.

For the following reasons, the Court finds that the ALJ properly considered the Consultative Examiner's and the State Agency psychological consultant's medical opinions on record. The decision of the Commissioner is AFFIRMED.

**I.     The ALJ did not err in finding the opinion of Scott Alvord, PsyD., unpersuasive.**

Plaintiff contends the ALJ erred in his evaluation of Dr. Alvord's medical opinion, specifically that he impermissibly cherry-picked the record and ignored probative entries when addressing the factors of supportability and consistency. Pl.'s Br. ECF # 16 at 8.

For claims filed on or after March 27, 2017, as Plaintiff's was (*see* Tr. 13), the medical opinion evidence of record must be evaluated based on five listed factors pursuant to the

regulations in 20 C.F.R. § 404.1520c. The two most important considerations an ALJ must examine when evaluating medical opinions are (1) supportability[2] and (2) consistency.[3] 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Here, the ALJ found Dr. Alvord's opinion of Plaintiff's limitations to be unpersuasive. Tr. 25. Regarding the factor of supportability, the ALJ found Dr. Alvord's opinion that Plaintiff would have moderate to severe difficulty accepting instructions from supervisors "not supported by examination." *Id.* The ALJ stated:

> She had no problems dealing with Dr. Alvord and reviewing State agency consultants found no such limitation. No problems dealing with medical providers are noted in the treatment records. In regards to Dr. Alvord's opinions of the claimant's ability to perform work activities on a consistent basis, maintain regular attention, complete a normal workday/workweek, and deal with usual workplace stress, the undersigned finds the claimant's statements regarding her brother to undermine the severity of limitation opined. Tr. 25 (internal citation omitted).

From this information, the ALJ found Plaintiff's behavior in the consultative examination with Dr. Alvord, her behavior with other providers, and her ability to care for her autistic brother to be contradictory with Dr. Alvord's limitations. To support this conclusion, the ALJ cites to Plaintiff's April 2019 evaluation with Dr. Alvord, where she drove and attended the appointment alone and was on time. Tr. 24, citing Tr. 702-05. The ALJ noted Plaintiff "was adequately dressed and groomed. She was mildly irritable, withdrawn, and initially suspicious, but adequate rapport was established." Tr. 24. Regarding the factor of consistency, the ALJ cited to treatment notes from North Bend Medical Centers to show Dr. Alvord's limitations were inconsistent with Plaintiff's interactions with other providers. Tr. 25, citing Tr. 1533-76. The treatment notes show that Plaintiff has the ability cooperate with various providers. The ALJ also found Dr. Alvord's

---

[2] The most persuasive medical opinions are those that are best supported by relevant objective medical evidence and the medical source's explanation for the opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[3] The most persuasive medical opinions are consistent with other medical opinions (and prior administrative findings) of record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

7 - Opinion and Order

limitations to be contradictory with what the State Agency psychological consultants found in their prior administrative findings. Tr. 25. Dr. Boyd found Plaintiff's ability to "accept instructions and respond appropriately to criticism from supervisors" to be "not significantly limited." Tr. 119. State Agency psychological consultant G. Goldberg, Ph.D., concluded the same. Tr. 79, 97. Therefore, the ALJ reasonably concluded she can perform simple tasks on her own, show up to appointments on time, and can establish rapport with authority figures.

The ALJ next cites to Plaintiff's 2018 and 2019 reports that she was living with her boyfriend and taking care of her 22-year-old autistic brother. Tr. 25, citing Tr. 624, 609, 1474, 1486. The ALJ found these reports to be inconsistent with Dr. Alvord's opinion that Plaintiff would have moderate difficulty dealing with usual stress in the workplace, as Plaintiff stated she still cared for her autistic brother despite it being "stressful for her." Tr. 25, citing Tr. 624, 1486; *see* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The Ninth Circuit has criticized an ALJ's recitation of a claimant's routine daily activities and then jumping to the conclusion that the reported activities are transferrable to a work setting. *E.g., Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). However, in this matter the ALJ's analysis was complete and linear, particularly with regard to Plaintiff's physical limitations, which were initially the primary basis for her claims of disability, and her claims of depression, which were primarily based on her inability to deal with her physical limitations, which physical limitations appeared to be exaggerated. *See* Tr. 21-23. Notably, an ALJ may discount opinion evidence when a physician assesses limitations that appear to be inconsistent with the claimant's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Plaintiff takes issues with the ALJ's conclusions, as in her view, the ALJ did not provide an explanation for how caring for her brother conflicts with Dr. Alvord's opinion. Pl.'s Br. ECF

8 - Opinion and Order

# 16 at 13. Plaintiff also argues against the ALJ's assertion that Plaintiff has no problems with medical providers, and cites to instances in the record where Plaintiff has expressed frustration with various providers. Pl.'s Br. ECF # 16 at 9. She argues the ALJ "impermissibly cherry[-]pick[ed] and impermissibly ignored medical and other records" showing Plaintiff's problems "due to her mental health impairments." *Id.* However, Plaintiff has not shown that the ALJ's interpretation of Dr. Alvord's opinion was unreasonable. She has simply proposed an alternate reading of that opinion, as there is evidence in the record showing her cooperation with various providers. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d at 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). The ALJ reasonably interpreted Dr. Alvord's opinion by finding that it was not fully supported by his own examination findings, nor consistent with the entirety of the record. The ALJ cited to several instances in the record that show her ability to cooperate with medical providers, cope with stress, and care for others. Tr. 25, citing Tr. 624, 609, 1474, 1486, 1533-76. Plaintiff has thus failed to show that the ALJ harmfully erred in evaluating Dr. Alvord's opinions. *See Ludwig,* 681 F.3d at 1054; *Thomas,* 278 F.3d at 954.

**II.    The ALJ reasonably incorporated the limitations of the State Agency psychological consultant, Dr. Joshua Boyd.**

Plaintiff contends that the ALJ failed to incorporate the finding of the State agency psychological consultant that Plaintiff "would benefit from vocational guidance in planning and setting goals." Pl.'s Br. ECF # 16 at 17. Dr. Boyd found Plaintiff would be "moderately limited" in her ability to set realistic goals or make plans independently and suggested she would benefit from vocational guidance in planning and setting goals. Tr. 120, 138. However, Dr. Boyd also

found Plaintiff "not significantly limited" in many areas of social interaction, those being the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, with the caveat that she "is limited to occ[asional] social contact w/ general public and co-worker[s]." Tr. 120. Though the ALJ found Dr. Boyd's opinion "generally supported and consistent" with the record as a whole, he found no evidence showing she has difficulty planning or setting goals. Instead, the ALJ cited to evidence showing that "she is fully oriented and her thought processes are normal and appropriate to the situation," as well as her care for her younger brother to conclude that she needs a "static work environment with few changes in work routines and setting." Tr. 19, 25. Plaintiff argues "contrary to the ALJ's statement that there is no evidence that Plaintiff has difficulty planning or setting goals, the impermissibly ignored and cherry[-]picked entries in the record . . .show there is such evidence." Pl.'s Br. ECF # 16 at 18. Plaintiff then continuously points the reader back to the citations in "Section 1" of her brief, but fails to explain how such evidence counters the ALJ's conclusions. *Id.* Furthermore, even if the Court were to accept Plaintiff's argument, none of the jobs identified at step five require vocational guidance in planning and setting goals. Tr. 27, 60.

Indeed, "[t]here is no requirement that the ALJ incorporate a medical opinion verbatim into the RFC." *Jason Lee J. v. Kijakazi*, 2022 U.S. Dist. LEXIS 19371, 2022 WL 1199213, at *3 (C.D. Cal. Feb. 2. 2022). Instead, "[i]t is the ALJ's role, not a physician's, to synthesize the evidence and assess the RFC." *Id.* Thus, the ALJ actually did incorporate the State agency psychological consultant's social, adaptation, and concentration and persistence limitations into the RFC determination by finding that Plaintiff was limited in "concentration, persistence, and pace to simple routine job tasks," that "she can occasionally interact with the public, coworkers, and supervisors," and that she "needs a static work environment with few changes in work

routines and settings." Tr. 19. The Court concludes that these limitations are consistent with the findings of Dr. Boyd.

## ORDER

The ALJ properly evaluated the medical opinion evidence and reasonably incorporated the State Agency consultant's limitations into the RFC. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this 4 day of March, 2024.

MARK D. CLARKE
United States Magistrate Judge